PEOPLE, PLAINTIFF AND APPELLEE, *v.* MARINI, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution for Aggravated Assault and Battery.

No. 1387.—Decided June 17, 1919.

ASSAULT AND BATTERY—EVIDENCE.—From the evidence in this case it appears that on the night alleged a ball was given in Hormigueros for the benefit of the Red Cross and defendant Vidal Marini twice tried to enter the ballroom accompanied by two other persons, but was refused admittance by William Fajardo, who was in charge of the ball, whereupon he and the persons

accompanying him undertook to enter by force, which was prevented by Fajardo and the police. When at 2 A. M. of the same night Fajardo was driving along the road in an automobile accompanied by some other persons, among them some children, they came upon another automobile standing near the Cobijado bridge with the lights out, in which were Vidal Marini in shirt-sleeves and those who formerly accompanied him, and Marini having asked whether William Fajardo came there, ordered the automobile to stop and told Fajardo to get out as they had to talk over a certain matter. Thereupon the automobile in which Fajardo was traveling went on and then several revolver shots were heard and the bullets went through the back part of the body and the top of the said automobile. *Held:* That although none of the witnesses testified that the defendant fired the shots or that they saw him with any firearm at the time, the circumstances of the case justify the judgment rendered, for it is evident that the defendant either fired the shots or was in conspiracy with his companions to attack Fajardo in that manner, and in either event he is responsible for the assault, in the latter event according to the jurisprudence in the case of *People* v. *Bianchi,* 18 P. R. R. 560.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Mr. S. Mestre, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Appellant Vidal Marini was convicted of the crime of aggravated assault and the only ground alleged for the reversal of the judgment against him and for his discharge is that the lower court erred in rendering the judgment appealed from because the evidence examined at the trial is insufficient to support it.

The act with which the appellant is charged in the information is that on the night of the 7th of September, 1918, and on the road from Hormigueros to Mayagüez, at the Cobijado bridge, he unlawfully, wilfully, maliciously and with the criminal intention of causing grave bodily harm assaulted William Fajardo Dávila with a revolver, which is a deadly weapon, firing several shots at him.

From the evidence it appears that on that night a ball was given in Hormigueros for the benefit of the Red Cross and defendant Vidal Marini twice tried to enter the ballroom accompanied by two other persons, but was refused admittance by William Fajardo, who was in charge of the ball, whereupon he and the persons accompanying him un-

dertook to enter by force, which was prevented by Fajardo and the police. When at 2 A. M. of the same night Fajardo was driving along the road in an automobile accompanied by some other persons, among them some children, they came upon another automobile standing near the Cobijado bridge with the lights out in which were Vidal Marini in shirt-sleeves and those who formerly accompanied him, and Marini having asked whether William Fajardo came there, ordered the automobile to stop and told Fajardo to get out as they had to talk over a certain matter. Thereupon the automobile in which Fajardo was traveling went on and then several revolver shots were heard and the bullets went through the back part of the body and the top of the said automobile.

There is a conflict between the testimony of the witnesses for the government and that of the witnesses for the accused regarding the source of the shots, but the lower court adjusted it by finding that the shots came from the persons standing in the road, for it convicted the defendant who was one of that group, and the only question now is whether Vidal Marini was correctly convicted of assaulting William Fajardo, considering that none of the witnesses testified that he fired the shots or that they saw him with any firearm at the time.

We are of the opinion that in the circumstances of the case the lower court did not err in finding that Vidal Marini was criminally responsible for the assault charged, considering that he was the person who quarreled with William Fajardo when the latter refused him admittance into the ball-room and that it may be reasonably inferred that he was in the road waiting for Fajardo, for when the automobile in which the latter was driving came to the place he asked whether Fajardo came there, ordered the vehicle to stop and told Fajardo to get out to talk over a certain matter with him, without the intervention of the persons who accompanied him, and that it is very probable that when he saw that

Fajardo's automobile went on without his getting out, he fired the shots, considering his quarrelsome disposition.

Since the shots came from the group with which Marini was, which is also shown by the fact that the automobile wherein Fajardo was traveling was pierced by some of the bullets, one of which passed over the head of one of its occupants, in the circumstances of the case the conclusion is that Marini either fired the shots or was in conspiracy with his companions to attack Fajardo, and in either event he is responsible for the assault, in the latter event according to the jurisprudence in the case of *People* v. *Bianchi,* 18 P. R. R. 560.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.